# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT POLLARD, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-cv-4638 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| THOMAS DART, in his individual capacity, | ) |
| DR. JOHN DOE 1, in her individual capacity, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| TARRY WILLIAMS, in his individual capacity, | ) |
| DR. KHADEER AHMED, in his individual capacity, DR. OLAREWAJU, in his individual capacity, and DR. JOHN DOE 2, in his individual capacity, | |
| | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Robert Pollard, brings this action against Cook County Sheriff Thomas Dart (in his official capacity) and Wexford Health Services, among others, alleging that they violated his Eighth Amendment rights by failing to provide a timely response to his serious medical needs. Wexford Health Services ("Wexford") now moves this Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Prisoner Litigation Reform Act. Sheriff Dart ("Dart") moves this Court to dismiss the complaint for failure to state a claim on which relief may be granted. For the reasons that follow, Wexford's motion to dismiss is denied and Dart's motion to dismiss is granted in part and denied in part.

**Background**

The following facts from Pollard's second amended complaint are taken as true for the purpose of ruling on the present motion. Plaintiff was taken into custody on August 3, 2014, and incarcerated at the Cook County Jail. At the time, Pollard was experiencing severe pain in his hand. Medical staff in the Cook County Jail refused to treat Pollard. Pollard ultimately obtained a court

1

order requiring that the Cook County Jail address his medical needs. Upon receiving medical treatment, it was discovered that Pollard's pain was caused by a bone growth that, if left untreated, could cause Pollard to lose the use of his hand. A surgery to remove the bone growth was scheduled for December 30, 2014. The scheduled surgery, however, never occurred. Pollard was subsequently transferred from the Cook County Jail to IDOC Stateville on January 13, 2015.

Upon arriving at Stateville, Pollard informed IDOC's medical staff of his need for surgery. On April 1, 2015, Pollard filed an emergency grievance inquiring about the status of his surgery. It was determined that that grievance was not of an emergency nature, and so it was returned to Pollard with a notation that he should resubmit it as a normal grievance. On April 26, 2015, Pollard filed a routine grievance, inquiring "[w]hy I still have a medical hold if I am not receiving medical treatment anymore plus this hold is stopping my state pay or do I still get it, because that's three month back pay if so." That grievance was returned a month later, with the response explaining that Pollard was not eligible for state pay and was on a transfer list. On August 24, 2015, Pollard was taken to an outside hospital and seen by a physician, who stated that due to the delay in treatment it would be necessary to fuse all of the bones in Pollard's hand, thus depriving him of regular mobility in that hand. In November 2015, Pollard finally received the needed surgery, although as a result of the delay in receiving it he lost full function in his left hand.

Pollard contends that Wexford, the entity responsible for providing healthcare within the IDOC, has a policy, practice, or procedure of denying inmates access to adequate medical care at Statesville and of failing to ensure that inmates who filed grievances received adequate medical care. Similarly, Pollard contends that Dart has a policy, practice, or procedure of denying inmates with serious medical conditions access to adequate medical care. Pollard additionally contends that Dart has a policy, practice, or procedure of transferring inmates who required medical care in retaliation

2

for filing grievances or to avoid the costs associated with their medical care. Both defendants move to dismiss Pollard's complaint as previously set forth.

**Legal Standard**

A court must dismiss any action which lacks subject matter jurisdiction. The party asserting jurisdiction has the burden of establishing it under Rule 12(b)(1). *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). On a motion to dismiss for lack of subject matter jurisdiction, "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." *Bastien v. AT & T Wireless Servs.*, Inc., 205 F.3d 983, 990 (7th Cir. 2000); *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). However, when reviewing a defendant's Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**Discussion**

The Prisoner Litigation Reform Act ("PLRA") provides that no federal action concerning prison conditions may be brought by a prisoner until all available administrative remedies, including a prison grievance process, have been exhausted. 42 U.S.C. § 1997e(a). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir. 2002). Accordingly, a case may be dismissed on the pleadings if it does not plead the exhaustion of all administrative remedies. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000).

As an initial matter, this Court notes that Wexford's motion is brought under Rule 12(b)(1). Because the PLRA's administrative exhaustion requirement is not jurisdictional in nature, Pollard's failure to exhaust his administrative remedies is not a proper basis for a motion pursuant to Rule 12(b)(1). *Id.* Accordingly, this Court treats Wexford's motion as one brought under Rule 12(b)(6).

Here, Pollard submitted an emergency grievance addressing his surgery. Pollard does not allege, however, that he refiled that grievance once it was rejected as an emergency grievance. Moreover, Pollard's second grievance entirely failed to address the question of his surgery. Accordingly, Pollard has not alleged that he exhausted his administrative remedies. Pollard, however, contends that he was not required to exhaust his administrative remedies because no remedy was available to him. In some cases, courts have recognized administrative remedies to be unavailable where the harm caused by allegedly improper medical care cannot be rectified via the grievance process. *See, e.g., White v. Bukowski*, 800 F.3d 392, 395–96 (7th Cir. 2015) (recognizing that an incarcerated plaintiff suing over inadequate prenatal care was not required to exhaust her administrative remedies because the inadequacy of the care that she received was not discovered until she gave birth, by which time additional prenatal care would have had no impact). Pollard alleges in his response that he had already lost full use in his left hand by the time he filed his grievances and that therefore no remedy was available to him through the administrative process. Although Pollard's second amended complaint does not allege that he had lost full use of his hand by April 2015, this Court considers that allegation because it is not inconsistent with those in the complaint. *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1189 (N.D. Ill. 1997).

In response, Wexford argues that the evidence shows that Pollard did not lose function in his hand. Because this Court is limited to the pleadings in ruling on a motion to dismiss, however, it must disregard Wexford's evidence to this effect. Wexford also argues that Pollard "still had a hand and still had a need for surgery" and so could still be provided with a remedy. This argument is both

4

crass and unavailing; Pollard's allegation that the damage to his hand was irreversible is sufficient at this stage in the proceedings. This Court therefore concludes that Pollard was not required to exhaust his administrative remedies because filing further grievances would not have averted the harm that the defendants' conduct caused him. *White*, 800 F.3d at 395–96. Accordingly, at this stage in the proceedings Pollard's claim may continue despite his apparent failure to exhaust his administrative remedies.

In a separate motion, Dart contends that the plaintiff's claim against him must be dismissed for failure to state a valid claim under 42 U.S.C. § 1983. An official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). In order to state a viable section 1983 claim against a municipality, a plaintiff must allege that their injury was caused by (1) an express policy of the municipality that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not expressly authorized, is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). Section 1983 claims are not subject to any heightened pleading requirements, and the plaintiff therefore need only allege facts sufficient to survive the general rule 12(b)(6) standard.[1] *Fuery v. City of Chicago*, No., No. 07 C 5428, 2009 WL 1270201, at *4 (N.D. Ill. May 6, 2009) (Hibbler, J.).

Dart contends that the Pollard's complaint must be dismissed because it states only a single incident of unconstitutional conduct, and thus does not sufficiently allege a "widespread" policy or practice. Indeed, it is well established that at summary judgment "a single incident—or even three

---

[1] Dart, citing to *Hossman v. Blunk*, 784 F.2d 793 (7th Cir. 1986), contends that Pollard was required to allege a pattern of incidents supporting the general allegation of a policy, practice, or custom. *Hossman*, however, was implicitly overruled by the Supreme Court when it held that courts could not impose heightened pleading requirements in section 1983 actions. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

5

incidents—do not suffice" to establish a widespread policy or practice. *Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014). At the pleading stage, however, a plaintiff need only allege a pattern or practice, not "put forth the full panoply of evidence from which a reasonable factfinder could conclude such a pattern exists." *Barwicks v. Dart*, No. 14-cv-8791, 2016 WL 3418570, at *4 (N.D. Ill. June 22, 2016) (Dow, J.). Allegations stemming from a single incident thus can give rise to a viable claim so long as the incident is alleged to be representative of other conduct occurring pursuant to the alleged policy or practice. Here, Pollard has alleged that inmates in need of intensive medical care are routinely transferred out of the Cook County Jail to avoid incurring treatment costs. And Pollard has described at least once incident in which he alleges this policy was implemented. Thus, he has plausibly alleged facts that, taken as true, adequately state a claim for relief.

Finally, this Court turns its attention to Pollard's claim for punitive damages. A section 1983 lawsuit against Dart in his official capacity is the functional equivalent of a lawsuit against the sheriff's office. *Xiong v. Fischer*, 787 F.3d 389, 398 (7th Cir. 2015). That office, however, is immune from punitive damages claims under section 1983. *Minix v. Canarecci*, 597 F.3d 824, 840 (7th Cir. 2010). Dart is therefore immune to Pollard's punitive damages claim.

**Conclusion**

For the foregoing reasons, Wexford's motion to dismiss [45] is denied and Dart's motion to dismiss [43] is granted in part and denied in part. Pollard's punitive damages claim against Dart is dismissed.

IT IS SO ORDERED.

Date:   September 28, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge